PROB 12C
(6/16)

Report Date: August 26, 2026

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 26, 2026

SEAN F. MCAVOY, CLERK

ECF No. 3

# United States District Court

**for the**

**Eastern District of Washington**

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Renee Lynn Shore Case Number: 0980 2:26CR00108-RLP-1

Address of Offender: [redacted] Spokane, Washington 99208

Name of Sentencing Judicial Officer: The Honorable Amanda K. Brailsford, U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Rebecca L. Pennell, U.S. District Judge

Date of Original Sentence: August 27, 2025

Original Offense: Conspiracy to Possess with Intent to Distribute Methamphetamine, 21 U.S.C. § 841(a)(1)

Original Sentence: Prison - 19 months
TSR - 48 months

Type of Supervision: Supervised Release

Asst. U.S. Attorney: U.S. Attorney's Office

Date Supervision Commenced: November 19, 2025

Defense Attorney: Federal Defender's Office

Date Supervision Expires: November 18, 2029

## PETITIONING THE COURT

To issue a **warrant.**

On November 24, 2025, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Renee Shore, as outlined in the judgment and sentence. She signed the judgment acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | **Standard Condition #7**: You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change. |

**Supporting Evidence**: On or about July 2, 2026, Renee Lynn Shore allegedly violated standard condition number 7 by failing to notify the probation officer that she had been terminated from her employment within 72 hours of the change.

On July 7, 2026, the assigned probation officer attempted to contact Ms. Shore, but received no answer or response.

As such, the very next morning on July 8, 2026, the undersigned again attempted to contact the offender; once again, attempts were unsuccessful. She was subsequently sent voice and text messages instructing her to report to the U.S. Probation Officer by 12 p.m. that date.

The offender failed to report by 12 p.m. as instructed, but did eventually report to the probation office at approximately 3:14 p.m. later that afternoon.

Ms. Shore ultimately admitted she had been terminated from her job at Royal Life Centers on July 2, 2026, after she was subject to random urinalysis testing with her employer and had "failed."

2 **Special Condition #7**: You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions of the prescription.

**Supporting Evidence**: On or about July 5, 2026, Ms. Shore allegedly violated special condition number 7 by consuming methamphetamine, which she does not have a prescription for.

On July 8, 2026, Ms. Shore was subject to random urinalysis testing when she reported to the probation office. The offender immediately admitted she would be "dirty," and signed an admission of use form admitting to the use of methamphetamine on or about July 5, 2026.

The offender was then subject to random urinalysis testing and provided a urine sample that tested presumptive positive for methamphetamine and amphetamine. Because of Ms. Shore's admission of use, the sample was not sent to the laboratory.

3 **Special Condition #7**: You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions of the prescription.

**Supporting Evidence**: On or about July 25, 2026, Ms. Shore allegedly violated special condition number 7 by consuming methamphetamine, which she does not have a prescription for.

On July 27, 2026, the offender reported to the U.S. Probation Office as instructed by this officer. She was notified she would be subject to random urinalysis testing and when asked if she would be positive for any illicit substances, she responded that she would.

Ms. Shore was then subject to random urinalysis testing and provided a urine sample that tested presumptive positive for methamphetamine. The offender admitted to the use of methamphetamine on or about July 25, 2026, and signed an admission of use form confirming that use. Because of Ms. Shore's admission of use, the sample was not sent to the laboratory.

4 **Special Condition #4**: You shall abstain from the use and possession of alcohol. You shall not be present in any location where alcohol is the primary item of sale without permission of the probation officer.

**Supporting Evidence**: On or about July 25, 2026, Renee Lynn Shore allegedly violated special condition number 4 by consuming alcohol.

On July 27, 2026, the offender reported to the U.S. Probation Office as instructed by this officer. She was notified she would be subject to random urinalysis testing, and when asked if she would be positive for any illicit substances, she responded that she would be positive for methamphetamine.

Ms. Shore was then subject to random urinalysis testing and provided a urine sample that was presumptive positive for methamphetamine, as well as alcohol. The offender thus admitted to the use of alcohol on or about July 25, 2026, and signed an admission of use form confirming that use. She claimed she "forgot" she was prohibited from consuming alcohol.

5 **Special Condition #3**: You shall participate in a program of testing and treatment for substance use disorder and follow the rules and regulations of that program, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

**Supporting Evidence**: On August 5, 10, and 11, 2026, Renee Lynn Shore allegedly violated special condition number 3 by failing to attend her substance abuse group treatment sessions as required.

On August 11, 2026, the assigned treatment provider at Pioneer Human Services (PHS) notified the undersigned that Ms. Shore had missed a number of her group treatment sessions just weeks after being admitted into substance abuse treatment.

In response to her drug use, Ms. Shore was referred for an updated drug assessment, which was completed on July 28, 2026; her admit appointment was conducted the next day, on July 29, 2026. In the following weeks, the offender failed to attend her group treatment sessions on August 5, 10, and 11, 2026.

6 **Special Condition #7**: You must not use or possess any controlled substances without a valid prescription. If you do have a valid prescription, you must disclose the prescription information to the probation officer and follow the instructions of the prescription.

**Supporting Evidence**: On or about August 14, 2026, Ms. Shore allegedly violated special condition number 7 by consuming methamphetamine, which she does not have a prescription for.

On August 17, 2026, the offender reported to the probation office and was subject to random urinalysis testing. Ms. Shore provided a urine sample that was presumptive positive for methamphetamine, amphetamine, and methylenedioxymethamphetamine (MDMA), which is most commonly known as "ecstasy."

The offender admitted to the use of methamphetamine on or about August 14, 2026, and signed an admission of use form confirming that use, although she denied consuming MDMA. This officer confirmed that Ms. Shore did not have a prescription for the methamphetamine she consumed, and thus, cannot be entirely sure that there was not MDMA in the illegal narcotics she purchased. Because she had already admitted to using methamphetamine, the sample was not sent to the lab for additional testing.

7 **Special Condition #3**: You shall participate in a program of testing and treatment for substance use disorder and follow the rules and regulations of that program, as directed by the probation officer. The cost to be paid by both the defendant and the government based upon the defendant's ability to pay.

**Supporting Evidence**: On August 25, 2026, Ms. Shore allegedly violated special condition number 3 by failing to attend her substance abuse group treatment session as required.

On August 26, 2026, PHS contacted the assigned probation officer and advised that Ms. Shore was "crawling out of her skin" during her group treatment session the night prior, on August 25, 2026, appearing to be under the influence of controlled substances. With less than an hour left in the treatment session, the offender reportedly advised that she would be leaving, and staff explained that if she did leave it would be considered a "no show." Ms. Shore elected to leave treatment early anyway, without requesting or receiving authorization from her treatment provider or probation officer.

The U.S. Probation Office respectfully recommends the Court issue a **warrant** requiring the offender to appear to answer to the allegations contained in this petition.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 08/26/2026

s/Amber M.K. Andrade

Amber M.K. Andrade
U.S. Probation Officer

THE COURT ORDERS

[ ] No Action
[x] The Issuance of a Warrant
[ ] The Issuance of a Summons
[ ] The incorporation of the violations contained in this petition with the other violations pending before the Court.
[ ] Defendant to appear before the Judge assigned to the case.
[x] Defendant to appear before the Magistrate Judge.
[ ] Other

Signature of Judicial Officer

August 26, 2026

Date